# In the United States Court of Federal Claims

No. 20-863 T

(Filed: May 25, 2022)

(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *  *
                                      *
PEJMAN TOURADJI and                   *
SHANNON TOURADJI,                     *
                                      *
                                      *
              Plaintiffs,             *
                                      *
       v.                             *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

*Pejman Touradji* and *Shannon Touradji*, *pro se*, of Boca Raton, FL.

*Cory A. Johnson*, Trial Attorney, Court of Federal Claims Section, Tax Division, Department of Justice, with whom were, *Richard J. Markel*, Trial Attorney, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

On July 15, 2020, Plaintiffs Pejman Touradji and Shannon Touradji—who are now proceeding *pro se* but were previously represented by counsel[1] at the outset of this matter—filed a complaint in this Court seeking a "refund . . . for the taxable year beginning January 1, 2012 and ending December 31, 2012 ('2012') from the Internal Revenue Service ('IRS')." ECF No. 1 at 1. On December 16, 2020, the government filed an answer to Plaintiffs' complaint. ECF No. 9. The Court subsequently entered a discovery scheduling order and, thereafter, granted extensions of time for discovery and for the filing of the parties' close of discovery joint status report. ECF Nos. 13, 15, 17.

---

[1] The Court uses the word "proceeding" lightly. On March 21, 2022, the Court granted a motion by Plaintiffs' former counsel to withdraw. *See* ECF No. 21. As is explained in the instant order, Plaintiffs have since failed to advise the Court about any newly retained counsel or about their intentions to prosecute their claims *pro se*.

Since that time, however, Plaintiffs' intention to prosecute their claims in this Court, including by engaging in the discovery process, has become far less clear. On March 21, 2022, the Court ordered Plaintiffs to show cause why their claims should not be dismissed pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). The time for response, May 6, 2022, has long since come and gone without a word from Plaintiffs. Accordingly, the Court is compelled to dismiss Plaintiffs' complaint pursuant to RCFC 41(b).

## **DISCUSSION**

As is similarly detailed in the Court's previous order, on March 8, 2022, then-counsel for Plaintiffs filed an unopposed Motion to Withdraw as Counsel pursuant to RCFC 83.1(c)(5). ECF No. 18. Therein, counsel represented that he had "repeatedly tried to contact Plaintiffs about the case," and "since June 2020, Counsel has repeatedly been unable to reach or meaningfully to communicate with Plaintiffs for long stretches of time." *Id*. at 2.

Furthermore, "[a]fter speaking to Mr. Touradji once in November, [Plaintiffs'] Counsel has tried to reach Plaintiffs by phone multiple times and sen[t] more letters." *Id*. After this continued non-responsiveness, Plaintiffs' then-counsel represented to the Court that he sent a letter and email to Plaintiffs on February 25, 2022, providing:

> In a letter dated June 29, 2020, we stated that "if you did not respond to us we would be forced to terminate our attorney-client relationship." Since that time, we have contacted you repeatedly about discovery materials and related matters. You have been non-responsive and difficult to reach for large stretches of time and you have been completely non-responsive since our conference with you on November 18, 2021. We cannot continue to represent you under these conditions. Accordingly, we are asking the Court to withdraw as your counsel. We will notify the Court of our intent to withdraw shortly and file our motion to withdraw on or about March 7th. If you identify replacement counsel let us know.

*Id*. at 2–3.

In addition, fact discovery in this matter closed on January 28, 2022, following an extension to the original close of discovery date of October 1, 2021. *See* ECF Nos. 13, 15.

On March 11, 2022, counsel for the parties filed a "post-discovery joint status report," pursuant to the Court's previous orders (ECF Nos. 15, 17), which reiterated Plaintiffs' counsel's request to withdraw, as well as highlighted Plaintiffs' "failure to respond to discovery requests . . . ." ECF No. 19 at 2. The Court thereafter convened a status conference on March 16, 2022, to discuss with counsel for the parties the extent to which discovery in this matter had (or had not) occurred. ECF No. 20. Based on the discussion at the status conference, as well as the representations in Plaintiffs' counsel's motion and the parties' joint status report, the Court remained uncertain of Plaintiffs' intention to proceed in this matter, particularly given Plaintiffs' failure fully to respond to document requests, requests for admission, as well as the undisputed fact that no depositions had occurred by the extended close of discovery.

Accordingly, on March 21, 2022, the Court issued an order for Plaintiffs to show cause "why the Court should not dismiss this matter pursuant to RCFC 41(b) for '[failure] to prosecute or to comply with these rules or a court order.'" ECF No. 21 at 2.  Plaintiffs were to respond to the show cause order on or before May 6, 2022.  The Court took additional steps to provide notice to Plaintiffs, ordering Plaintiffs' now-former counsel to "mail—both physically and electronically—a courtesy copy of this order to his now-former clients," and ordered the Clerk "to mail this order to Plaintiffs' address . . . ." *Id.* at 3.  The docket reflects that both the Clerk and Plaintiffs' former counsel complied with the Court's instruction to serve a copy of the show cause order.  *See* ECF Nos. 21 (ECF docket text notation from Clerk's office), 23.

The deadline for Plaintiffs to show cause has passed without response.  As the show cause order made clear, "Plaintiffs risk[ed] involuntary dismissal of their action" because "[t]he Rules of this Court provide . . . If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . ." ECF No. 21 at 2 (quoting RCFC 41(b)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Furthermore, "[a] show cause order 'provide[s] the plaintiff with sufficient notice that a dismissal is imminent and that failure to respond will likely be fatal to its case.'" *Kay v. United States*, 2020 WL 7093929, at *1 (Fed. Cl. Dec. 4, 2020) (quoting *Coakley & Williams Constr., Inc. v. United States*, 2012 WL 2866291, at *1 (Fed. Cl. Aug. 5, 2005) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986))).  And "[w]hile dismissal of a claim is a harsh action, . . . it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp.,* 782 F.2d at 176–77).  In light of the rules of this Court, and Plaintiffs' failure to "comply with . . . a court order," RCFC 41(b), the Court is compelled to dismiss Plaintiffs' complaint.

Therefore, the Court orders the following:

1. Plaintiffs' complaint is hereby **DISMISSED** pursuant to RCFC 41(b) for Plaintiffs' "[failure] to prosecute or to comply with these rules or a court order."  The Clerk shall enter judgment accordingly.

2. The Clerk is hereby **ORDERED** to mail this opinion and order to Plaintiffs' address, as set forth in ECF No. 18-1 ("Exhibit A" of Plaintiffs' then-counsel's motion to withdraw).

**IT IS SO ORDERED.**

                                                s/ Zachary N. Somers
                                                ZACHARY N. SOMERS
                                                Judge